Filed 5/28/26  P. v. Patton CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B347412 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA226937) |
| v. | |
| DERRICK PATTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, George Lomeli, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2002, a jury convicted defendant and appellant Derrick Patton (defendant) of the first degree felony murder of victim Rene Franco (Franco) and found true a robbery-murder special circumstance allegation. Evidence at trial established defendant and two accomplices—all members of the 4-Deuce Crips criminal street gang—participated in a number of "follow-home" robberies and that Franco was shot and killed during one of these robberies after defendant handed a loaded gun to the shooter and told the shooter to "[m]ake sure you get the purse." The trial court sentenced defendant to life in prison without the possibility of parole. The conviction and sentence were upheld on direct appeal.

In subsequent habeas corpus proceedings, this court rejected defendant's argument that he was not a major participant who acted with reckless indifference to life (within the meaning of *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522) in connection with Franco's murder. More recently, in 2024, this court affirmed the trial court's denial of defendant's Penal Code section 1172.6 (section 1172.6) petition, originally filed in 2019, based on the court's finding that defendant was a major participant who acted with reckless indifference to human life.

Defendant filed another section 1172.6 petition in June 2025, after our Supreme Court decided *People v. Emanuel* (2025) 17 Cal.5th 867, that again argued he could not be found to be a major participant who acted with reckless indifference to human life. The trial court denied that second section 1172.6 petition, explaining: "The court has previously denied a petition filed by the defendant pursuant to . . . section 1172.6[,] which was upheld [on appeal]. The defendant's instant petition does not add

2

anything that would make the granting of the defendant's second [section] 1172.6 petition viable."

Defendant noticed an appeal from the trial court's denial of this second section 1172.6 petition and this court appointed counsel to represent him on appeal. Appointed counsel thereafter filed a brief that advised there were no arguable issues, asked this court to process the appeal in accordance with *People v. Delgadillo* (2022) 14 Cal.5th 216, and requested we exercise our discretion to undertake an independent review of the record. This court then invited defendant to personally file a supplemental brief and he filed a four-page letter in response. That letter brief variously argues (1) he "never shared [the shooter's] intent to kill," (2) the shooter "did not have the intent to kill Franco [and] therefore [defendant] could not have shared [the shooter's] intent to kill," (3) the shooter's testimony that defendant provided him with the murder weapon should not be believed, and (4) defendant did not know his accomplices had a history of violence and did not know the victim had been shot at the time of the shooting such that he could be faulted for failing to render aid.

As the trial court understood, defendant's status as a major participant who was recklessly indifferent to human life, and his concomitant failure to qualify for section 1172.6 relief, has already been resolved in prior proceedings in this court. The conclusions we reached in those proceedings continue to obtain and the *Emanuel* decision does not meaningfully affect the analysis: defendant participated in the planning for the crime, he was present at the scene of the murder, and he supplied the murder weapon to his gang-member accomplice with an exhortation that the shooter must "get the purse." (*Emanuel*,

3

*supra*, 17 Cal.5th at 884 ["To aid in distinguishing those who knowingly engage in criminal activities known to carry a grave risk of death from other felony perpetrators, *Clark* 'set out a nonexhaustive list of considerations relevant to this determination, including use of or awareness of the presence of a weapon or weapons, physical presence at the scene and opportunity to restrain confederates or aid victims, the duration of the crime, knowledge of any threat the confederates might represent, and efforts taken to minimize risks'"].)  Though these facts might be probative of an intent to kill, that is ultimately immaterial; contrary to defendant's argument, an intent to kill finding was not required to establish major participation or *reckless indifference* to human life.  Defendant's argument challenging the evidence that defendant provided the murder weapon is inconsistent with the governing standard of review.

Having rejected the contentions in defendant's supplemental letter brief, we decline to exercise our discretion to undertake an independent review of the record.  (*Delgadillo*, *supra*, 14 Cal.5th at 232.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM (D.), J.